# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| BERNELL JACKSON-ALLEYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV415-326 |
| | ) | |
| SNF HOLDING COMPANY/ | ) | |
| CHEMTALL, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Proceeding *pro* se, Bernell Jackson-Alleyne has filed an employment discrimination case against SNF Holding Co./Chemtall ("Chemtall"), a Savannah, Georgia chemical company, asserting claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101(b)(1), and Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. Doc. 1. The Court granted her leave to proceed *in forma pauperis* (IFP), and to amend her Complaint given fatal pleading deficiencies identified during preliminary review under 28 U.S.C. § 1915(e)(2)(B)(ii) (authorizing dismissal of IFP complaints that fail to state a claim for

relief). Doc. 4. Review of her amendment shows continuing problems.

For one, Jackson-Alleyne did not actually amend her Complaint. Instead, she filed two handwritten pages providing her age and additional details about her alleged disability (a rotator cuff injury). *See* doc. 5. She did not include in her amendment a "short and plain statement of the claim showing" her entitlement to relief, or "a demand for . . . relief sought." Fed. R. Civ. P. 8(a). Consequently, the Court must attempt to weave together two separate documents in order to evaluate whether Jackson-Alleyne states a claim. Doing so risks confusing her allegations and arguments, misstating claims, and causes unnecessary expenditure of judicial resources.

Nevertheless, Jackson-Alleyne in good faith attempted to comply with the Court's original preliminary review Order by providing additional factual details. She failed, but only because of legal inexperience. In lieu of dismissing her Complaint, the Court will allow her one final chance to submit an amended pleading that satisfies Fed. R. Civ. P. 8.[1]

---

[1] Although pro se pleadings are entitled to liberal construction, *see Erickson v.*

2

That means Jackson-Alleyne must synthesize her original Complaint (doc. 1) and her amendment (doc. 5) in one document. Although no rule requires her to do so, she would be best served by using the form employment discrimination complaint she used when she filed this case. The Clerk accordingly is **DIRECTED** to include a copy of that form with her service copy of this Order.

If plaintiff uses the form again, she must answer each question fully and accurately, paying special attention to question 10 ("Describe the discriminatory actions or events that you are complaining of in this lawsuit."). In doing so, she must also take care to, as the Court's first § 1915(e) Order detailed (*see* doc. 4 at 3-6 (material elements of ADA and ADEA claims)), plead all of the material elements required to support her claims.

Because the Court already afforded her one opportunity to amend, Jackson-Alleyne must file her second amended complaint within fourteen days of the date this Order is served. If she does not, her case *will* face a dismissal recommendation. *See* L.R. 41(b); *see Betty K Agencies, Ltd. v.*

---

*Pardus*, 551 U.S. 89, 93 (2007), even indigent plaintiffs must abide by procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

*M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (district courts may *sua sponte* dismiss an action pursuant to Fed. R. Civ. P. 41(b) if the plaintiff fails to comply with court rules or a court order). Finally, her second motion for appointment of counsel (doc. 5 at 2) is **DENIED**.[2]

**SO ORDERED** this  1st   day of August, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] "[P]laintiffs in civil cases have no constitutional right to counsel," and "[c]ounsel should be appointed only in exceptional circumstances; a district judge has broad discretion in making that determination. That a plaintiff would be helped by the assistance of an attorney does not, in itself, require appointment of counsel." *Maldonado v. Unnamed Defendant*, 2016 WL 1637981 at * 14 (11th Cir. Apr. 26, 2016). No exceptional circumstances exist here.