# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| BERNELL JACKSON-ALLEYNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CV415-326 |
| SNF HOLDING COMPANY/ | ) |
| CHEMTALL, | ) |
| | ) |
| Defendant. | ) |

## ORDER

In this employment discrimination case, the Court ordered Bernell Jackson-Alleyne to amend her Complaint to cure specified deficiencies. Doc. 6. She filed a Second Amended Complaint and the Court greenlit it, granted her leave to proceed *in forma pauperis* (IFP), and implemented the Fed. R. Civ. P. 4 service procedure for IFP litigants as deployed in *Newton v. Food Lion, LLC*, CV415-153, doc. 10 (S.D. Ga. Dec 9, 2015) and *Simmons v. Five Star Quality Care, Inc.*, CV414-203, 2014 WL 6603759 at * 4 (S.D. Ga. Nov. 19, 2014), *adopted*, 2015 WL 307003 (S.D.

Ga. Jan. 23, 2015).¹ Doc. 11. As explained then, the service process unfolds in stages, and to begin that process plaintiff must supply the Marshal with service information. *Id*. at 2-3. Hence, the Court sent Jackson-Alleyne a "USM 285" form and a summons form, and gave her 21 days to *accurately* complete both forms, reminding that:

> Both forms require the plaintiff to list the defendant's name and proper address. These forms *may* be addressed "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d))(1)(A)(ii). A corporation's principal office address can be found here: https://ecorp.sos.ga.gov.

---

¹ Jackson-Alleyne, once granted IFP status, was entitled to service by the U.S. Marshal:

> [28 U.S.C. §] 1915, entitled "Proceedings in forma pauperis," instructs that "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d) (emphasis added). Federal Rule of Civil Procedure 4(c), likewise, requires that "[t]he court must so order [service to be made by a United States Marshal or deputy marshal] if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915 . . . ." Fed. R. Civ. P. 4(c)(3). "Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). *See also Graham v. Satkoski*, 51 F.3d 710, 712 (7th Cir. 1995) ("The Marshals Service is required to serve process on behalf of individuals proceeding in forma pauperis.").

*Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286-87 (11th Cir. 2009); see also *Tanne v. Comm'r of IRS*, 2016 WL 5173243 at * 3 (D. Utah Sept. 21, 2016) ("Rule 4(c)(3) requires the court to order a United States marshal, a deputy marshal, or a person specially appointed by the court to effect service if the court grants the plaintiff leave to proceed [IFP].").

2

Doc. 11 at 3 n. 1 (emphasis added).

Plaintiff did not timely respond. (The Order was served on October 25, 2016, doc. 11, so her deadline was, as the Clerk docket-noted, November 15, 2016. She did not file the completed USM 285 form, however, until almost a month later on December 12, 2016). Doc. 12. The Court will indulge her on that score -- just this once.

However, she also supplied only SNF Holding's *street* address, doc. 12, not the service address of "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Rule 4(d))(1)(A)(ii). And it is not the Marshal's job to undertake private investigative work or otherwise beat the bushes in a non-inmate case.[2]

---

[2] Plaintiff is not an inmate. *See Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010) (it was "unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison[;]" so "as long as the court-appointed agent can locate the prison-guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause [to avoid dismissal for failing to timely serve a defendant].").

She thus is entitled to no special dispensation here. Put another way, she is entitled to "to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 447 (5th Cir. 1996) (quotes and cite omitted). But "plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff

Accordingly, the Court now converts its "may" invitation (that was error) to a "must" directive. Within 21 days of the date this Order is served, plaintiff *must* re-submit the same paperwork (the Clerk is **DIRECTED** to send her a fresh set) with the *service* address of "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d))(1)(A)(ii). Failure to comply may result in a recommendation of dismissal.

**SO ORDERED**, this 23nd day of December, 2016.

*/s/ JR Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Id.* (quotes omitted).

The Court is pointing out an apparent service defect here (*i.e.*, the corporate defendant's mailing address is not sufficient), imparting that "defect knowledge" to the plaintiff and reminding her that it is her burden to supply actual service contact information. *See Clark v. AT&T Crp.*, 2013 WL 6014343 at * 2 (D. Md. Nov. 12, 2013) ("Plaintiff attempted to serve AT&T by directing the U.S. Marshal to deliver the Summons and Complaint to Defendant Holton, who is an employee of AT & T. 4. Holton is not an officer, managing or general agent, or a person authorized by appointment or law to receive service of process on behalf of AT&T as required under Federal Rule 4(h), Maryland law, or Alabama law. Thus, Plaintiff failed to effectuate service of process on AT&T.") (cites omitted); *Hamilton v. United Parcel Service, Inc.*, 2012 WL 760714 at * 1 n. 1. (E.D. Tex. Feb. 13, 2012).