UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BERNELL JACKSON-ALLEYNE,    )
                            )
       Plaintiff,           )
                            )
v.                          )
                            )   CV415-326
SNF HOLDING COMPANY/        )
CHEMTALL,                   )
                            )
       Defendant.           )

## ORDER

In this *pro se* employment discrimination case, the Court granted plaintiff Bernell Jackson-Alleyne leave to proceed *in forma pauperis* (IFP), and implemented the Fed. R. Civ. P. 4 service procedure for IFP litigants as deployed in *Newton v. Food Lion, LLC*, CV415-153, doc. 10 (S.D. Ga. Dec 9, 2015) and *Simmons v. Five Star Quality Care, Inc.*, CV414-203, 2014 WL 6603759 at * 4 (S.D. Ga. Nov. 19, 2014), *adopted*, 2015 WL 307003 (S.D. Ga. Jan. 23, 2015).[1] Doc. 11. As explained then,

---

[1] Jackson-Alleyne, once granted IFP status, was entitled to service by the U.S. Marshal:

> [28 U.S.C. §] 1915, entitled "Proceedings *in forma pauperis*," instructs that "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d) (emphasis added). Federal Rule of Civil Procedure 4(c), likewise, requires that "[t]he court must so order [service to be made by a United States Marshal or deputy marshal] if the plaintiff is

the service process unfolds in stages, and the Court's last Order directed the Clerk to try Fed. R. Civ. P. 4(d)(1)(G), service-by-mail upon a presumed registered agent for the defendant, SNF Holding Company/Chemtal. Doc. 15 at 4-5.

The Clerk complied on January 13, 2017, doc. 17, yet there is no response from the defendant. An earlier Order contemplated this result:

> The defendant is under a duty to avoid unnecessary costs of personally serving the summons. If it fails to comply with the mailed request for waiver of service, it must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form. Should the defendant fail to waive service within sixty (60) days following the date the service waiver package was mailed (the Clerk shall docket that act), the Clerk will prepare and transmit to the Marshal a service package. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint, plus a copy of this Order. The Marshal will then promptly serve the defendant. The

---

authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915 . . . ." Fed. R. Civ. P. 4(c)(3). "Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). *See also Graham v. Satkoski*, 51 F.3d 710, 712 (7th Cir. 1995) ("The Marshals Service is required to serve process on behalf of individuals proceeding *in forma pauperis*.").

*Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286-87 (11th Cir. 2009); *see also Tanne v. Comm'r of IRS*, 2016 WL 5173243 at * 3 (D. Utah Sept. 21, 2016) ("Rule 4(c)(3) requires the court to order a United States marshal, a deputy marshal, or a person specially appointed by the court to effect service if the court grants the plaintiff leave to proceed [IFP].").

executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Doc. 11 at 4.

Sixty days have since elapsed, so the Court **DIRECTS** the Clerk and Marshal to comply with the foregoing instructions, except that the Clerk shall also transmit a copy of the Court's January 12, 2017 Order to the Marshal.

**SO ORDERED**, 24th day of March, 2017.

*[Signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA